# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY, *Plaintiff*, | § § § § | |
| v. | § | Civil Action No. 9:17-cv-00148 |
| | § | |
| DEBORAH WAINWRIGHT D/B/A SITCO SERVICES AND SITMAN WAINWRIGHT, *Defendants*. | § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff MOUNT VERNON FIRE INSURANCE COMPANY (hereinafter "Mount Vernon") complains of DEBORAH WAINWRIGHT D/B/A SITCO SERVICES and SITMAN WAINWRIGHT and seeks, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, a declaration of the rights and obligations of the interested parties under an insurance policy, which includes the determination of the duty to defend and indemnify, and would respectfully show this Court as follows:

## I.
## PARTIES

1. Mount Vernon Fire Insurance Company is a corporation duly organized and existing under the laws of the State of Pennsylvania, with its principal place of business in the State of Pennsylvania.

2. Defendant Deborah Wainwright d/b/a Sitco Services is a resident of Tyler County, Texas doing business as Sitco Services. Defendant can be served with process by serving Deborah Wainwright at 130 FM 256 North, Woodville, Texas 75979.

3. Defendant Sitman Wainwright is a resident of Tyler County, Texas. Defendant can be served with process by serving Sitman Wainwright at 130 FM 256 North, Woodville, Texas 75979.

## II.
## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this controversy under 28 USC § 1332(a) in that the dispute is between citizens of different states. In an action seeking declaratory relief, the amount in controversy is measured by the value of the object of the litigation or the extent of the injury to be protected. *Leininger vs. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). The amount in controversy herein is the amount of the claim made by Defendants on the underlying policy of insurance issued by Mount Vernon, which is in excess of $75,000.00, exclusive of interest and costs.

5. Venue is proper in the United States District Court for the Eastern District of Texas, Lufkin Division, pursuant to 28 U.S.C. § 1391(a), because Defendants operate a business or reside in this judicial district.

## III.
## FACTUAL BACKGROUND

**THE POLICY**

6. Mount Vernon issued a Commercial General Liability Policy, No. Cl2702327 ("the Policy") to the named insured, "Sitco Services" (hereinafter "Sitco"), with a stated policy period of September 8, 2016 to September 8, 2017. In the Policy Declarations, Sitco is identified as an "individual" business and the business is described as "specialty trade contractors." The policy is a renewal.

7. The Commercial General Liability Coverage Form ("the CGL Coverage Form") of the Policy, under Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, contains the standard Insuring Agreement, which states, in pertinent part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply ….

\* \* \* \* \*

8. The Policy's Insuring Agreement thus provides that Mount Vernon "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' to which this insurance applies." Mount Vernon, "[h]owever, … will have no duty to defend the insured against any suit seeking damages for 'bodily injury' … to which this insurance does not apply." Section 2 in this same section of the CGL Coverage Form sets forth the Exclusions which "[t]his insurance does not apply to." The Policy further contains a number of applicable endorsements, each of which "modifies insurance provided" under the CGL Coverage Form.

9. Relevant here, the Policy contains a Bodily Injury Exclusion Endorsement L500, which, in relevant part, excludes coverage for "bodily injury" to "all employees … contractors, and subcontractors" as follows:

**BODILY INJURY EXCLUSION - ALL EMPLOYEES, VOLUNTEER WORKERS, TEMPORARY WORKERS, CASUAL LABORERS, CONTRACTORS, AND SUBCONTRACTORS**

3

**Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, 2. Exclusions, e. Employer's Liability** is deleted in its entirety and replaced with the following:

e. **Employer's Liability**

\* \* \* \* \*

(2) "Bodily injury" to any contractor, subcontractor or any "employee", "volunteer worker", "temporary worker" or "casual laborer" of any contractor or subcontractor arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by such contractor, subcontractor or "employee", "volunteer worker", "temporary worker" or "casual laborer" of such contractor or subcontractor for which any insured may become liable in any capacity ….

\* \* \* \* \*

This exclusion applies to all claims and "suits" by any person or organization for damages because of such "bodily injury", including damages for care and loss of services and any claim under which any insured may be held liable under any Workers' Compensation law.

\* \* \* \* \*

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

10.   Under Section I – Coverages, Coverage C Medical Payments of the Policy, which as set forth below, coverage for "medical expenses" for "bodily injury" caused by the insured's operations is likewise excluded if it is otherwise excluded under Coverage A Exclusions:

**COVERAGE C MEDICAL PAYMENTS**

1. **Insuring Agreement**

   a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

   \* \* \* \* \*

   (3) Because of your operations;

4

\* \* \* \* \*

## 2. Exclusions

We will not pay expenses for "bodily injury":

\* \* \* \* \*

### g. Coverage A Exclusions

Excluded under Coverage A.

11. The Policy also contains a Classification Limitation Endorsement L-232s, which "strictly limits" coverage to those classifications listed on the Declarations page of the Policy:

> Coverage under this contract is strictly limited to the classification(s) and code(s) listed on the policy Declarations page.
>
> No coverage is provided for any classification(s) and code(s) not specifically listed on the Declarations page of this policy.
>
> All other terms and conditions of this policy remain unchanged. This endorsement is a party of your policy and takes effect on the effective date of your policy unless another effective date is shown.

12. In the CGL Coverage Part Declarations, the following classification is identified: "Electrical Work - within buildings." No other classification is identified in the Policy.

**THE UNDERLYING LAWSUIT**

13. Deborah Wainwright d/b/a Sitco Services and Sitman Wainwright are Defendants in Cause No. 24,271; *Bryan Wainwright v. Deborah Wainwright d/b/a Sitco Services and Sitman Wainwright*, pending in the District Court of Tyler County, Texas (hereinafter "the Underlying Lawsuit").

14. In the Underlying Lawsuit, Plaintiff Bryan Wainwright ("Bryan"), the son of Deborah and Sitman Wainwright, alleges that his employer B&C Electrical ("B&C") was hired to install electrical wire and components in a new Sonic Drive-In being built at 11665 Frisco

5

Street, Frisco, Texas 775034. B&C subcontracted with Sitco to assist in completion of the job. The petition asserts that at the time of the accident, Bryan was performing work for his employer, B&C, and Sitman Wainwright ("Sitman") was performing work for his employer, Sitco, at the site of the Sonic Drive-In.

15. More specifically, the petition alleges that on January 26, 2017, Bryan and Sitman were preparing to run electrical wire from the main electrical distribution panel to the pad mounted transformer, which was approximately 170 feet away from the main distribution panel. The wire was to run through a large conduit that was previously installed and situated at its starting point, approximately four feet above the surface near the main distribution panel. The electrical wire to be installed was contained on a large spool. Bryan and Sitman apparently decided to use a forklift to suspend the spool so that the wire could be easily pulled through the conduit to the pad mounted transformer. In order to suspend the spool, they placed a large piece of pipe through the eye of the spool so that spool could be placed between the tongs of the forklift. Allegedly, Bryan was to maneuver the forklift into position to pick up the spool and once the forklift was in place, Sitman was to secure the pipe to the forklift so that the spool would not fall off of the tongs.

16. The lawsuit alleges that Bryan lifted the tongs to suspend the spool over the conduit while Sitman went to the pad mounted transformer to start the initial process of pulling the guide line by hand. During this initial process, Bryan had to feed the electrical wire into the conduit. Once the wire was in the conduit, Bryan stopped guiding the wire and was about to move away from the area so that Sitman could position a vehicle to pull the remaining guide line. At that point, the pipe apparently "became detached" from the forklift tongs and the spool rolled off the end of the tongs and fell on Bryan, causing him bodily injury.

## IV.
## REQUEST FOR DECLARATORY JUDGMENT

17. Defendants have made demand upon Mount Vernon that Mount Vernon provide them with a defense in the Underlying Lawsuit and that Mount Vernon indemnify them against any judgment which might be rendered against them. Mount Vernon has provided a defense, but subject to a reservation of its rights under the Policy, which does not provide coverage for the acts alleged in the Underlying Lawsuit.

18. In the Underlying Lawsuit, Bryan alleges that he sustained injuries while performing work for B&C, which was his employer and a contractor on the site. Thus, B & C was a "contractor" on the job and Bryan was that contractor's employee. Alleging that that "Sitman was working for Sitco within the course and scope of his employment duties" for Sitco and that "Sitman knew or should have known about the need to properly secure the pipe to the tongs," Bryan seeks to hold Sitco liable for Sitman's negligence under the theory of respondent superior. However, coverage for bodily injuries sustained by Bryan is excluded by the Bodily Injury Exclusion Endorsement (L500), which excludes coverage for bodily injury sustained by any contractor's employee in the course of rendering or performing services for which the employee seeks to hold any insured liable. That is precisely the case here.

19. Further, to the extent Bryan alleges his injuries were caused by Sitco's operations, the Policy excludes coverage for payment of Bryan's medical expenses. Endorsement L500 replaces the Employer's Liability Exclusion in Coverage A. Because Endorsement L500 excludes coverage for bodily injuries sustained by Bryan, any claim for medical expenses is likewise excluded.

20. Coverage for Bryan's claims in the Underlying Lawsuit is also excluded by the Classification Limitation Endorsement L232s. While Bryan alleges that B&C was hired to

perform electrical work "in a new Sonic Drive-In," he further alleges that when the accident occurred, he and Sitman were using of a forklift to lift the spool and a vehicle to pull the guide line through the conduit to the pad mounted transformer located on the premises.  Endorsement L232s "strictly limits" coverage to those classifications listed on the Declarations page of the Policy.  The only classification listed on the Declarations page is "Electrical Work – *within* buildings." (emphasis added)  No other classification is identified in the Policy.  Plaintiff relied on this representation when agreeing to issue the policy and calculated the premium accordingly.  It is clear from Bryan's pleading, however, that Sitco was performing work other than "within buildings" given the use of a forklift and a vehicle.  Endorsement L232s clearly states that "[n]o coverage is provided for any classification … not specifically listed on the Declarations page of this policy."  Therefore, coverage is not afforded under the Policy for the claims made in the Underlying Lawsuit.

21. An actual justiciable controversy exists between Mount Vernon and Defendants regarding Mount Vernon's coverage obligations under the Policy.  Mount Vernon asserts that losses arising from the Underlying Lawsuit are not covered under the Policy and that it has no legal duty to defend or indemnify Defendants against the claims made by Bryan Wainwright in the Underlying Lawsuit.  Thus, Mount Vernon seeks a determination of the respective rights and liabilities of the parties under the Policy.

## V.
## CONCLUSION AND PRAYER

22. Mount Vernon seeks a determination by this Court that it does not have a duty to defend and indemnify Defendants Deborah Wainwright d/b/a Sitco Services and Sitman Wainwright in the Underlying Lawsuit at issue.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mount Vernon Fire Insurance Company prays that Defendants Deborah Wainwright d/b/a Sitco Services and Sitman Wainwright be ordered to appear and answer this Original Complaint for Declaratory Judgment and that upon final hearing and determination thereof, judgment be entered declaring that Plaintiff Mount Vernon Fire Insurance Company is under no duty to provide a defense or indemnity to Defendants Deborah Wainwright d/b/a Sitco Services and Sitman Wainwright in that lawsuit styled, Cause No. 24,271; *Bryan Wainwright v. Deborah Wainwright d/b/a Sitco Services and Sitman Wainwright*, in the District Court of Tyler County, Texas, that Plaintiff Mount Vernon Insurance Company is entitled to judgment for costs, attorney's fees and such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**BINGHAM, MANN & HOUSE**


By: /s/  Lisa Gaye Mann
    LISA GAYE MANN
      Lead Attorney
      Texas Bar No. 12929200
    DEBRA BRADBERRY
      Texas Bar No. 24048362

    4500 Yoakum Boulevard
    Houston, Texas 77006
    Telephone:   (713) 357-9868
    Facsimile:    (713) 559-3010
    E-mail: lmann@bmh-law.com
    E-mail: dbradberry@bmh-law.com

**ATTORNEYS FOR PLAINTIFF MOUNT VERNON FIRE INSURANCE COMPANY**